Carlos E. GOFF

v.

**Robert H. FINCH, Secretary of Health, Education, and Welfare.**

**Civ. No. 549.**

United States District Court,
M. D. Tennessee,
Northeastern Division.

Aug. 18, 1970.

W. Keith Crawford, Crawford & Barnes, Cookeville, Tenn., for plaintiff.

Charles H. Anderson, U. S. Atty., and George LeFevre, Asst. U. S. Atty. M.D. Tennessee Nashville, Tenn., for defendant.

## ORDER

FRANK GRAY, Jr., Chief Judge.

In the spring of 1963, this plaintiff suffered a severe electric shock which necessitated the amputation of an arm and a leg. On June 21, 1963, he applied for, and was granted, a period of disability and subsequent disability insurance payments under the Social Security Act. In 1965, plaintiff was notified that he was no longer entitled to a disability and that his disability benefit payments were being terminated by virtue of his earnings record as county tax assessor. Plaintiff disagreed with this determination, and he pursued the appellate procedure at the administrative level to exhaustion. Finally, on February 2, 1967, plaintiff filed a civil action in this court for judicial review of the Secretary's adverse decision, pursuant to 42 U.S.C. § 405(g). The case was remanded to the Secretary for further consideration. Upon remand, the Secretary reaffirmed his position that plaintiff's disability had properly been terminated in 1965, but he added an additional finding that plaintiff was entitled to a new period of disability beginning on February 1, 1967. By order of this court entered March 26, 1968, it was held " * * * that the prior period of disability and disability insurance benefits were properly terminated on August 31, 1965 * * *," and the pending civil action, *supra*, was dismissed.

Subsequent to the above-mentioned proceedings, plaintiff was notified that his benefit payments would be reduced, pursuant to 42 U.S.C. § 424a, because of the fact that he had received payments under the Tennessee workmen's compensation statute. Plaintiff disagreed with this reduction and requested a hearing. The hearing examiner, in his decision, stated that "[t]he undersigned hearing examiner is presently of the opinion that he was in error in holding that the claimant's disability ceased in August of 1965," and he recommended " * * * that the Appeals Council review, reopen and revise the prior decision denying the claimant's disability insurance benefits between August of 1965 and February of 1967." He stated further that "[i]n the event * * * that the Appeals Council does not consider that the case should be reopened and revised, the hearing examiner is of the opinion that under the wording of the Statute and the supporting regulations, that the claimant has still had a continuous period of disability which commenced before June of 1965, but has only had a cessation or a

 

hiatus of his right to benefits because of his work activity. In either event, the hearing examiner is of the opinion that the claimant's period of disability has been continuous since April of 1963 and that his workmen's compensation payments should not result in an offset or a reduction of his disability insurance benefits."

The Appeals Council, however, refused to accept the hearing examiner's recommended decision, and, on December 5, 1969, it rendered a decision of its own to the effect that " * * * there is no basis for revising its decision of December 12, 1967, * * * [and] that the offset provisions of the Social Security Act were properly applied against the claimant's disability benefits under the Act and the hearing examiner's decision to the contrary is reversed." It is from this decision that plaintiff appeals, again seeking judicial review pursuant to 42 U.S.C. § 405(g).

The thrust of plaintiff's position is, of course, that if he has been under a continuing disability since 1963, the provisions of the Act will not apply to him, since they became effective only in 1965. In an effort to bring as much evidence as possible before the court on the matter of continuing disability, plaintiff has filed a motion to have the entire record of the previous appeal, *supra,* made a part of the record in the instant case. He has also filed a motion for review and reversal of the Appeals Council's decision.

This court is in sympathy with plaintiff's position. Nevertheless, it is clear that the March 26, 1968, holding of this court is conclusive on the fact that plaintiff's prior disability and disability insurance benefit payments "were properly terminated on August 31, 1965." Since plaintiff's second period of disability commenced well after the effective date of 42 U.S.C. § 42a, the offset provisions are applicable to his present disability payments. Apparently plaintiff does not challenge the Social Security Administration's computations of the amount deducted, but only the applica-

bility of § 424a to his case. Either way, however, the Secretary's interpretation of that statute vis-a-vis plaintiff's situation is clearly correct, given the *res judicata* effect of this court's decision on plaintiff's prior appeal.

It follows that the Secretary's decision cannot be reversed, and, accordingly, plaintiff's motions are hereby denied and his complaint is hereby dismissed.